

FILED
2016 JAN 29 PM 3: 18
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD SANTANA,

    Plaintiff,

v.

CASE NO.

2:16-cv-79-FtM-29MRM

ME OF NAPLES, INC. D/B/A
RISTORANTE FARFALLA

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, Edward Santana (**"Plaintiff"**), and sues the Defendant, Me of Naples, Inc. d/b/a Ristorante Farfalla (**"Defendant"**), and alleges as follows:

1. Plaintiff a former employee of Defendant, brings this action against Defendant, to recover compensation and other relief under the Fair Labor Standards Act, as amended (**"FLSA"**), 29 U.S.C. § 201 et seq. Additionally, Plaintiff seeks payment of all of his hours worked at the applicable minimum wage, back wages for retaliation, liquidated damages, reimbursement for all of his work related costs and expenses, injunctive and declaratory relief and costs of this suit, and for all other relief allowed by §216(b) of the FLSA.

### INTRODUCTION TO MINIMUM WAGE VIOLATIONS

2. From 1/2/2016 through 1/8/2016 (Plaintiff was actually hired in November, 2015 but did not start physically working at Defendant's restaurant until January 2, 2016), Plaintiff worked for the Defendant in Lee County, Florida in its restaurant in the position of a server. Plaintiff is a covered employee for purposes of the FLSA.

3. Plaintiff has the following characteristics with respect to the minimum wage allegations:

    a. The Defendant failed or refused to pay Plaintiff the appropriate minimum wages all hours worked;

    b. Plaintiff was not paid premium overtime compensation for all hours worked beyond 40 hours per workweek;

    c. The Employer required that Plaintiff work off the clock. The Employer required that the Plaintiff. Defendant refused and/or failed to pay Plaintiff any wages for hours spent as part of obligatory at home study during training, which is primarily for the benefit or convenience of the Defendant;

    d. The Employer required that Plaintiff purchase and maintain work uniforms and required job accessories at his own cost without being reimbursed, which further reduced his hourly wages and pay for training, including overtime pay and which is also primarily for the benefit or convenience of Defendant; and

    e. Defendant did not keep accurate records of wages or of hours worked by Plaintiff.

4. Defendant is an **"enterprise"** as defined by the FLSA and is subject to the FLSA. Specifically, Defendant's gross annual income exceeds $500,000.00 per annum and it employs two or more employees engaged in interstate commerce.

CASE NO.

5. Defendant is a corporation doing business in Lee County, Florida and within the jurisdiction of this Court. Defendant is, and at all times pertinent to this Complaint, was engaged in interstate commerce.

6. The Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of said goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203 (r) and 203(s).

## PARTIES

7. At all times material hereto, Plaintiff, was a forty three (43) year old male United States citizen and lawful resident of Lee County, Florida and otherwise *sui juris* within the jurisdiction of this Court.

8. At all times material hereto, Defendant was and is an active Florida Corporation, authorized to do and doing business in the state of Florida, owned and managed, at least in part, by Salah Abdelfattah (Defendant uses the alias name of Michael Fattah so that his customers and/or future customers do not access his public civil and criminal records in Lee County Court, Florida). At all times material hereto, Defendant did business under the fictitious name of Ristorante Farfalla and was a restaurant notorious for offering a wide variety of Italian and Continental cuisine, wines and beers in Lee County, Florida.

9. At all times material hereto, Defendant has continuously been a Florida corporation doing business in Lee County, Florida located at 21301 South Tamiami Trail Estero, Florida 33928 and within the jurisdiction of this Court.

CASE NO.

## **VENUE AND JURISDICTION**

10. This action is brought by Plaintiff to recover from Defendant compensation for the Defendant's minimum wage violations, as well as an additional amount as liquidated damages, and reasonable costs under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b). Plaintiff requests injunctive relief as provided by the FLSA against Defendant.

11. Jurisdiction is conferred on this Court pursuant to Title 28 U.S.C. § 1337, Title 28 U.S.C. § 1337 and Title 29 U.S.C. § 216(b).

12. By reason of his employment with Defendant, Plaintiff was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a). The work performed by Plaintiff was directly essential to those interstate activities described herein which was directly essential to the business performed by Defendant. Plaintiff, by virtue of his job duties and functions as described above, was engaged in commerce.

13. All conditions precedent to bringing this action have occurred, have been satisfied, or have otherwise been waived.

## **COUNT I**
## **FLSA MINIMUM WAGE VIOLATIONS**

14. Plaintiff readopts and realleges all allegations contained in ¶¶1 - 13 above.

15. The Employer failed to comply with §3(m) of the FLSA, Title 29 U.S.C. §§ 201 – 219 and 29 C.F.R. § 516.2 and § 516.4 et seq in that Plaintiff, who should be paid no less than $5.03 per hour in direct wages by the Employer while receiving tips and no less than $7.25 (federal minimum wage) $8.05 (state minimum wage) per hour when not receiving tips, which resulted in a minimum wage violation.

16. As a result of the Defendant's acts as described at ¶¶3 and 12 above, Plaintiff's hourly wages were below the applicable minimum wage in violation of the FLSA.

17. Plaintiff was entitled to be paid at least the applicable federal minimum wage while he was doing non-tipped work and/or in training.

18. As a result of the Defendant's acts as described above, Plaintiff's hourly wages were below the applicable minimum wage in violation of the FLSA and/or Defendant's actions resulted in minimum wage violations.

19. The Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of hourly wages to Plaintiff in accordance with the FLSA.

20. Moreover, as a result of Defendant's unlawful and willful violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated (double) damages, pre and post judgment interest, costs and other compensation pursuant to 29 U.S.C. §201 et seq.

21. Moreover, as a result of Defendant's unlawful conduct, as alleged herein, Plaintiff demands judgment against Defendant for its violation of the FLSA and is entitled to recover from Defendant lost wages including but not limited to back pay, front pay, liquidated (double) damages, reinstatement, costs of lawsuit, and for all other relief available under the FLSA.

## COUNT II
## FLSA OVERTIME WAGE VIOLATIONS

22. Plaintiff readopts and realleges the allegations contained in ¶¶1 – 13 above.

23. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq. and the supporting Federal Regulations, apply to Defendants and protects Plaintiff. Throughout the statute of limitations period covered by these claims, Plaintiff worked in excess of forty (40) in a given workweek.

24. At all relevant times, Defendant had operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff at one and one half times the federal and/or state minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Plaintiff has been and is entitled to overtime.

25. At all relevant times, Defendant willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate. Defendant was aware or should have been aware that the practices described in this complaint was unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the overtime compensation to Plaintiff.

26. Moreover, as a result of Defendant's willful violations of the FLSA, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and seek damages in the amount of his respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, pre and

post judgment interest, costs and such other legal and equitable relief as this Court deems just and proper.

## COUNT III
## RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)

27. Plaintiff readopts and realleges the allegations contained in ¶¶1 – 13 above.

28. At all times mentioned in this complaint, all provisions of the FLSA were in full force and effect and were binding on Defendant

29. At all times mentioned in this complaint, Plaintiff was an employee of Defendant and Defendant was an employer as defined by the FLSA.

30. The FLSA 29 U.S.C. § 215(a)(3), makes it unlawful to **"discharge or in any other manner discriminate against an employee"** who:

   a. **Files a complaint or instates a proceeding under the FLSA**;

   b. Testifies (or is about to testify) in such a proceeding; or

   c. Serves (or is about to serve) on an industry committee

31. On or about January 8, 2016 Defendant violated the FLSA 29 U.S.C. §201 et seq., by retaliating against Plaintiff for opposing, complaining about, objecting to Defendant's violations of the FLSA as outlined in ¶3 above. More specifically, Defendant retaliated against the Plaintiff by firing him after he attempted to enforce his rights under the FLSA by requesting to be reimbursed for his uniform costs and paid for his training hours (obligatory training/homestudy). In addition, Plaintiff was retaliated and fired because Defendant was advised of the fact that Plaintiff has filed previous FLSA complaints against his employers. Finally, on or around January 27, 2016, Plaintiff went to Defendant's restaurant to return the menus (i.e. wine list, etc.) that

Defendant provided Plaintiff when he was hired so that Plaintiff could study all the Food (descriptions, abbreviations, price, etc.), Wine list (descriptions, prices, etc.) and beers. Defendant (Salah Abdelfattah) locked the doors of his restaurant as Plaintiff was approaching the front door. As a result and with no other alternative the Plaintiff left the Defendant's menus at the Defendant's front door of his restaurant. As Plaintiff was walking away Defendant screamed at Plaintiff and stated that he was going to call the police on Plaintiff as he was no longer welcomed at his restaurant and that he would have Plaintiff trespassed.

32. As a proximate result of Defendant's unlawful conduct as set forth above, Plaintiff has suffered and continues to suffer substantial loss of income earnings, back pay, front pay and other employment benefits, all to his detriment, in an amount to be shown according to proof at trial.

33. By terminating Plaintiff, Defendant has retaliated against Plaintiff, discriminated against Plaintiff, and penalized Plaintiff in violation of the FLSA

34. Defendant committed the acts alleged herein despicably, maliciously, fraudulently and/or oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice and in willful and conscious disregard of Plaintiff's rights.

35. Moreover, as a result of Defendant's unlawful conduct, as alleged herein, Plaintiff demands judgment against Defendant for its violation of 29 U.S.C. § 215(a)(3) and is entitled to recover from Defendant lost wages including but not limited to back pay, front pay, liquidated (double) damages, reinstatement, costs of lawsuit, and for all other relief available under the F

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

A. For economic damages, including but not limited to back pay, past, present and future, income, lost wages and lost employee benefits, for all causes of action;

B. An equal amount as liquidated (double) damages as allowed under the FLSA;

C. Declaring that the Employer committed multiple and separate violations of the FLSA;

D. Declaring that the Employee acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FLSA;

E. Awarding appropriate equitable relief, including, but not limited to, an injunction forbidding the Employer from engaging in further unlawful conduct in violation of the FLSA;

F. Awarding costs as provided by law;

G. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

CASE NO.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a Jury Trial on all counts.

Dated this 29 day of January, 2016.

Respectfully Submitted,

*/s/ Edward Santana*
Edward Santana
8951 Bonita Beach Rd SE #525
Bonita Springs, Florida 34135
(239) 961-7848
esantana44@yahoo.com