UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD SANTANA,

      Plaintiff,

v.                              Case No:  2:16-cv-79-FtM-29MRM

ME OF NAPLES, INC.,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

Pending before this Court are the parties' Joint Motion for Stipulated Final Judgment and Dismissal with Prejudice (Doc. 29) filed on May 23, 2016; the parties' Notice of Joint Filing (Doc. 32) filed on June 2, 2016; and the parties' Settlement Agreement (Doc. 32) filed on June 2, 2016. Plaintiff Edward Santana together with Defendant Me of Naples, Inc. requested that the Court approve the parties' purported settlement of the Fair Labor Standards Act ("FLSA") claim. Upon review of the filings, the Court required further clarification as to the terms and conditions of the proposed settlement. Thus, the Court held a hearing on July 12, 2016 to allow *pro se* Plaintiff and counsel for Defendant to clarify their positions as to the settlement.

To approve the settlement of the FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c),

providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Court considered the submissions of the parties and other matters of record in light of *Lynn's Food Store*. Initially, Plaintiff filed a Damages Statement (Doc. 11). In Exhibit A of that document, Plaintiff requested $18,416.88 in damages. (Doc. 11-1). Included in this amount was a total for liquidated damages of $8,973.44. Notwithstanding these representation by Plaintiff, the parties' Joint Motion for Stipulated Final Judgment and Dismissal With Prejudice (Doc. 29) contained the following statement: "[t]he Plaintiff specifically agrees that he is not owed any sums under the federal Fair Labor Standards Act or the Florida Minimum Wage Act." (Doc. 29 at ¶ 3). Inconsistent with that representation, the parties' Settlement Agreement (Doc. 32) expressly stated that the parties agreed to settle this case for the sum of $750.00, representing "liquidated damages." (*See* Doc. 32 at ¶ 2). No allocation was made in the Settlement Agreement for unpaid wages or overtime pay. (*Id.*).

Based upon the disparity between Plaintiff's original damage demand, the joint statement that Plaintiff was owed nothing under the FLSA and Florida Minimum Wage Act, and the Settlement Agreement's allocation of $750.00 toward liquidated damages with no allocation toward unpaid wages or overtime, the Undersigned convened a hearing to obtain a better explanation as to how the proposed settlement is a "fair and reasonable resolution of a bona fide dispute." *See Lynn's Food Store, Inc.*, 679 F.2d at 1355.

At the July 12 hearing, the Court first asked Defendant's counsel to explain Defendant's position concerning the terms of the settlement.  (Tr. at 6).[1]  Counsel stated that the language of the Joint Motion for Stipulated Final Judgment (Doc. 29) was proposed by Plaintiff to Defendant's counsel.  (Tr. at 6).  Defendant's counsel claimed that he used the exact language from the document provided by Plaintiff to draft the Motion for Stipulated Final Judgment.  (Tr. at 6).  Thus, Defendant's counsel claimed that Plaintiff specifically agreed that Plaintiff, as represented in the Joint Motion, was not owed any sums under the FLSA and the Florida Minimum Wage Statute.  (Tr. at 6).

Further, Defendant's counsel conceded that the language in the Settlement Agreement indicating that Defendant was to pay Plaintiff $750.00 in *liquidated damages* "may have been poor drafting on the part of the Defendant's counsel."  (Tr. at 7).  Counsel explained that the $750.00 "should not have been designated liquidated damages" but should have been designated as the "[s]ettlement amount."  (Tr. at 7).  Counsel claimed that the parties had agreed as follows: 1) no back wages were owed to Plaintiff based on the Settlement Agreement and the Stipulation; and 2) the amount needed to settle this case was $750.00 in order to prevent further litigation and further expense to Defendant.  (Tr. at 8).  Thus, as explained by Defendant's counsel, Defendant's position was that it was paying $750.00 in settlement of the claim with no specific allocation to back wages, overtime wages, or liquidated damages.  (Tr. at 8).  Counsel further explained that given the nature of this litigation and Plaintiff's prior litigation, Defendant was attempting to avoid additional costs by settling this case.  (Tr. at 8-9).  Counsel also informed the

---

[1] On July 14, 2016, a transcript of the hearing was filed.  (*See* Doc. 40).  The Court will refer to the transcript of the hearing as "Tr." and then denote the page number.

Court that the settlement check had already been deposited by Plaintiff and the funds have cleared.  (Tr. at 9).

The Court then asked Plaintiff to explain the statement in the Stipulation that Plaintiff was not owed any money under the FLSA and the Florida Minimum Wage Act.  (Tr. at 11-12).  Plaintiff explained that he provided Defense counsel with a draft of a stipulation from a different case wherein Plaintiff was paid his back wages and settled that case without compromise of the FLSA claim.  (Tr. at 12).  Plaintiff further explained, however, that the above-captioned case was settled *with compromise*, asserting that the $750.00 settlement was for "the home study training, and then $150 for my costs, which included [the] cost of server fees of $60, and then my uniforms."  (Tr. at 12-13, 15).  Plaintiff affirmed his belief that Defendant was "paying me for wages," and Plaintiff did not agree to Defendant's contrary characterization.  (*See* Tr. at 13)  Plaintiff stated, "I just took it for face value [Defendant] had put wages in there because [of] what we had agreed to."  (Tr. at 13).  Plaintiff claims that he sent Defendant "an e-mail saying that I wanted to be paid as wages and I wanted a W-4.  That e-mail was sent on March 28th.  I said that I wanted a W-4 form for $2,400 minus withholdings, and I wanted a second check payable to me for $470 for – basically for the filing fee."  (Tr. at 13).  Plaintiff claims that he did not read the Settlement Agreement before signing, but reiterated that he "wanted it to be paid as wages.  I didn't want it to be paid as liquidated damages or anything else.  I like the fact that I have income that I could show if I got a car, or get a loan, or get an apartment, to show you have income.  I wanted it to be paid as income."  (Tr. at 13-14).

The Court finds that there is a fundamental disagreement between the parties as to the nature of the settlement and the allocation of the $750.00 settlement amount.  On the one hand, Defendant claims that Plaintiff is owed no back wages or overtime pay pursuant to the FLSA and

the Florida Minimum Wage Act.  Moreover, Defendant agrees that the designation of the
$750.00 payment as liquidated damages was "poor drafting" and should have been designated as
a settlement amount not attributable to liquidated damages.  On the other hand, Plaintiff claims
that he is owed back wages and the $750.00 represents—at least in part, if not in whole—back
wages.  These positions cannot be reconciled.

  The Court, of course, has the obligation pursuant to *Lynn's Food Store* to determine
whether a settlement is a fair and reasonable resolution of the *bona fide* dispute in the case.  This
inquiry is particularly important in cases, such as this one, where the Plaintiff is proceeding *pro
se*.  In this case, the Court simply cannot find or recommend that the Settlement Agreement is a
fair and reasonable resolution of the *bona fide* disputes in this case.  The parties have reached no
agreement as to how the agreed amount of $750.00 was to be allocated.  Therefore, the Court
finds and recommends that the Joint Motion for Stipulated Final Judgment and Dismissal With
Prejudice should be denied and the Settlement Agreement (Doc. 32) should not be approved.

  It warrants mention that Defendant's counsel implied at the hearing that the Court should
enforce the Settlement Agreement against Plaintiff here because Plaintiff signed the Agreement.
(Tr. at 18).  Counsel argued that Plaintiff proposed the language in the Joint Stipulation, and it
"is disingenuous now for the Plaintiff to state that it was his understanding that he was getting
wages as part of the settlement." (Tr. at 18).  Enforcement of the Settlement Agreement is, of
course, beyond the scope of a *Lynn's Food Store*'s analysis.  The Undersigned's findings and
recommendations here focus on the fairness and reasonableness of the proposed settlement
pursuant to the *Lynn's Food Store* analysis.  Put simply, the Undersigned cannot find or
recommend that the settlement is fair or reasonable if Plaintiff contends the Settlement

Agreement is incorrect as to a material term and Defendant concedes that this same material term suffers from poor drafting.

Therefore, **IT IS RESPECTFULLY RECOMMENDED:**

1)  That the Joint Motion for Stipulated Final Judgment and Dismissal With Prejudice (Doc. 29) be **DENIED**.

2)  That the Settlement Agreement (Doc. 32) not be approved as a fair and reasonable resolution of the *bona fide* disputes in this action.

Respectfully recommended in Chambers in Ft. Myers, Florida on July 20, 2016.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties