# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (hereinafter "Agreement") is made and entered into by and between EDWARD SANTANA (hereinafter "Plaintiff") and ME OF NAPLES, INC. (hereinafter "Defendant") ("Plaintiff" and "Defendant" shall sometimes be referred to collectively herein as the "Parties").

WHEREAS, Plaintiff filed a lawsuit alleging violations of the Fair Labor Standards Act ("FLSA") and styled *Edward Santana, v. Me of Naples, Inc.,* in the U.S. District Court for the Middle District of Florida, Ft. Myers Division, Case No. 2:16-cv-00079-JES-MRM ("the Lawsuit"), the allegations of which the Defendant denies;

WHEREAS, Defendant denies any liability to Plaintiff; and

WHEREAS, the Parties prefer to avoid the uncertainties and expense of litigation;

WHEREAS, the Parties had previously entered into a settlement agreement that was not approved by the Court;

WHEREAS, the Parties acknowledge under the unapproved settlement agreement Plaintiff received $750.00;

WHEREAS, the previously $750.00 paid to Plaintiff as part of the unapproved settlement agreement will be included in the total settlement funds paid to Plaintiff; and

NOW, THEREFORE, in consideration of the mutual promises contained herein, it is agreed between the parties as follows:

1. The above-styled recitals are true and correct and are incorporated as if fully set forth herein.

2. **No Admission.** This Agreement, and compliance with this Agreement, shall not be construed as an admission by Defendant of any liability whatsoever, or as an admission by Defendant of any violation of the rights of Plaintiff.

3. **Settlement Funds.** Defendant agrees to pay Plaintiff the total sum of ONE THOUSAND FOUR HUNDERD THIRTY-EIGHT DOLLARS ($1,438.00) of which SEVEN HUNDRED AND FIFTY ($750.00) have already been paid to Plaintiff (hereinafter "Settlement Funds"), in one (1) check as follows:

   a. Plaintiff will receive $688.00 minus withholdings, as compensation for his FLSA claims for unpaid wages with mandatory deductions in conformance with the Plaintiff's most recent W-4 on file; for which the Defendant will issue a Form W2; and

   b. Plaintiff has already received as part of the unnaproved settlement $750.00 with $688.00 being for liquidated damages from his FLSA claims and $62.00 for costs not subject to withholding for which the Defendant will issue a Form 1099.

4. **Payment.** Within seven (7) days approval of this of the Joint Motion for Approval of an FLSA Settlement Agreement and For Dismissal With Prejudice by the Court with jurisdiction over the above referenced case, payment shall be available for pick up by Plaintiff at Brennan, Manna & Diamond, P.L., at 27200 Riverview Center Blvd., Suite 310, Bonita Springs, Florida 34134..

5. **Stipulation For Dismissal.** Within seven (7) days of the Court's approval of the Joint Motion for Approval of an FLSA Settlement Agreement and For Dismissal With Prejudice,

Defendant shall deliver the settlement funds to Plaintiff as described in paragraph 4 above.

6. **Complete Payment.** It is expressly understood by Plaintiff that the obligations of Defendant contained in Paragraph 3 of this Agreement shall be for any and all amounts to which Plaintiff, or any of his attorneys are now, or may become, entitled to, based upon any claim under the Fair Labor Standards Act arising out of his employment with Defendant.

7. **Mutual Non-Disparagement.** Plaintiff and Defendant agree that they will not take any action or make any false statements including, but not limited to, false derogatory statements, that would harm any other Parties' reputation and/or present and/or future business relationships.

8. **Release.**

   a. Except for the obligations of this Agreement, which are not hereby released and which shall survive the execution hereof, Plaintiff, for himself and for his respective personal representatives, heirs, successors and assigns, hereby remises, releases, acquits, waives, satisfies and forever discharges Defendant, and Defendant's officers, directors, shareholders, mmembers, employees, agents, servants, representatives and insurers, and the respective personal representatives, heirs, successors and assigns of all of them, of and from all, and all manner of action and actions, cause and causes of action, suits, debts, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, guarantees, warranties (whether express or implied, and whether based on statute, common law or otherwise), third-

party claims, bad faith claims, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, which Plaintiff has or may have against Defendant, whether arising in tort, by contract, by virtue of statute, or otherwise, and whether in law or in equity, regardless of whether the same are known or unknown, suspected or unsuspected, patent or latent, or have yet accrued or not accrued as of the date of execution hereof, provided the same are based upon any act or omission that occurred or failed to occur prior to the date hereof.

        b.     Plaintiff further agrees to release all claims of any kind against Defendant relating directly or indirectly to his employment by Defendant, including lawsuits complaining of breach of employment contract, or employment discrimination, including, but not limited to age, race, sex, religion, or national origin discrimination, and specifically waives any rights which he may have under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991 and any amendments and modifications thereto, the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act of 1990 ("ADA"), the Fair Labor Standards Act ("FLSA"), as amended, the Federal False Claims Act, 31 U.S.C. §§3729-3733, the Florida False Claims Act, the Equal Pay Act of 1963, the Florida Human Rights Act, the federal Age Discrimination in Employment Act, the Older Workers' Benefit Protection Act, Employees Retirement Income Security Act of 1974 ("ERISA"), Florida or federal Whistleblower statute, OSHA, 42 U.S.C.§ 1981, 1983, or 1985 or any other municipal, local, state and federal human rights laws as well as

other state or federal statutes or local ordinances, whether relating to employment or not, including state or Federal common law.

9. **Indemnification.** Plaintiff agrees to indemnify and hold harmless Defendant against any and all claims, including attorney's fees incurred by Defendant where such claims might arise as a result of any claim of the IRS or the United States for unpaid taxes. Plaintiff agrees to be responsible for all taxes due upon the consideration paid and agrees to indemnify and hold harmless Defendant from any claims for taxes, interest and/or penalties claimed due as a result of the payment of consideration to Plaintiff. Plaintiff agrees to and does hereby indemnify and hold Defendant harmless from any such claims. The Parties hereto hereby waive their right to jury trial in any dispute arising hereunder as part of the consideration for entering into this Agreement.

10. **Opportunity to Review.** The Parties represent and agree that they have thoroughly discussed all aspects of this Agreement with their attorneys, have carefully read and fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement.

11. **Entire Agreement:** This Agreement constitutes and contains the entire agreement and understanding concerning the settlement of Plaintiff's claims against Defendant and the other subject matters addressed herein between the parties, and supersedes and replaces all prior negotiations and all agreements proposed or otherwise, whether written or oral, concerning the subject matter hereof. This is an integrated document.

12. **Governing Law:** The terms of this Agreement will be construed in accordance with the laws of the State of Florida.

13. **Breach of Agreement.** Any breach of any term, provision, or obligation of this

Agreement by any Party, shall entitle the other Party to seek enforcement of such term, provision or obligation, and shall entitle the prevailing party to an award of the reasonable attorney's fees and costs.

14. **Severability.** Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, unethical or unenforceable, the legality, validity and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, unethical or invalid part, term, or provision shall be deemed not to be part of this Agreement.

15. **Headings.** The headings used in this Agreement are for convenience and reference only and in no way define, describe extend, or limit the scope or intent of Agreement or the intent of any provision in it.

16. **Benefit and Binding Effect.** This Agreement shall inure to the benefit of and be binding upon the parties, their heirs, successors and assigns. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. The individuals signing below on behalf of entities represent and warrant that they have the full authority to bind their respective entities to all of the provisions hereof. Signatures by facsimile transmission or other electronic transmission of this Agreement shall be acceptable and binding upon the Parties. A copy hereof shall be as binding as the executed original.

AGREED, ACKNOWLEDGED AND ACCEPTED BY:

_____     7/21/2016
EDWARD SANTANA                       Date

ME OF NAPLES, INC.

By: _____    7/22/16
    Michael Fattah                   Date

4824-0775-1989, v. 1