UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD SANTANA,

     Plaintiff,

v.                                   Case No:  2:16-cv-79-FtM-29MRM

ME OF NAPLES, INC.,

     Defendant.

_____/

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

     This cause is before the Court on the parties' Joint Motion for Approval of an FLSA Settlement Agreement and for Dismissal With Prejudice (Doc. 43) filed on July 22, 2016; and Settlement Agreement (Doc. 43-1) filed on July 22, 2016. *Pro se* Plaintiff Edward Santana and Defendant Me of Naples, Inc. are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.

     To approve the settlement of the FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Lynn's Food Store, Inc*, 679 F.2d at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit,

the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable.  *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

This action has a slightly tortuous procedural history.  The parties previously attempted to gain approval from the Court for their settlement of this case.  On May 23, 2016, the parties filed their first Joint Motion for Stipulated Final Judgment and Dismissal With Prejudice (Doc. 29).  This filing alone was insufficient for the Court to determine if the settlement was fair and reasonable under *Lynn's Food Store*.  Therefore, the Court entered an Order (Doc. 30) requiring the parties to file the documents referenced in their Joint Motion for Stipulated Final Judgment that supported their contention that all of the issues as to the FLSA claims were resolved.

In response, the parties filed their Settlement Agreement (Doc. 32) on June 2, 2016.  Upon consideration of Plaintiff's initial demand as to damages, the Joint Motion for Stipulated Final Judgment, and the Settlement Agreement, the Court found that it was unable to determine whether the proposed settlement was a fair and reasonable resolution of the *bona fide* disputes in the case.  Instead of recommending that the Joint Motion for Stipulated Final Judgment be

denied, the Court set a hearing on July 12, 2016, to afford the parties the opportunity to present their arguments that the settlement was a fair and reasonable resolution of the disputes.

At the hearing, the Court found that the disputes between the parties had not been resolved.  Thus, the Court entered a Report and Recommendation (Doc. 42) recommending that the Joint Motion for Stipulated Final Judgment and Dismissal With Prejudice (Doc. 29) be denied and the Settlement Agreement not be approved.  The parties have now filed a second Joint Motion for Approval of an FLSA Settlement Agreement and for Dismissal With Prejudice (Doc. 43) and a second Settlement Agreement (Doc. 43-1).

After consideration of both the second Joint Motion (Doc. 43) and the second Settlement Agreement (Doc. 43-1), it appears that the parties have resolved the issues raised in this case and the issues raised by the Court at the prior hearing.  The parties have *bona fide* disputes as to whether Plaintiff is owed any wages and whether Plaintiff was retaliated against by Defendant. (Doc. 43 at 2).  To avoid the risks and costs associated with further litigation, the parties have decided to resolve the disputes between them.  (Doc. 43 at 2).  The parties have agreed to a settlement in the amount of $1,438.00.  (Doc. 43 at 2, Doc. 43-1 at 2).  Plaintiff will receive: $688.00 for unpaid wages less withholding taxes; $688.00 for liquidated damages with no taxes withheld; and $62.00 for costs with no taxes withheld.  (Doc. 43 at 2-3; and Doc. 43-1 at 2).  The parties also agree that Plaintiff already received $750.00 based upon the unapproved first attempted settlement and this money will be attributed to Plaintiff's liquidated damages and costs under the second Settlement Agreement.  (Doc. 43-1 at 2).

By Order (Doc. 3), Plaintiff was permitted to proceed *in forma pauperis*.  (*See* Doc. 3). In that Order, the Court included a provision that if the Plaintiff prevailed in this action, he consented to reimbursing the Court for the filing fee and the U.S. Marshals Service for the costs

of service.  (Doc. 3 at 1 n.1).  In the Joint Motion for Approval of an FLSA Settlement Agreement, the parties agreed to bear their own fees and costs.  (Doc. 43 at 3).  The terms of the Settlement Agreement only provide for wages and liquidated damages with only a small portion, namely $62.00 for costs.  This amount is not sufficient to reimburse the Court and the U.S. Marshals Service.  Thus, the Court recommends that under the specific circumstances of this case, the filing fee and U.S. Marshals Service fees be waived for Plaintiff.

Plaintiff was proceeding *pro se* and, thus, there are no issue as to attorney's fees in this case.  The Court determines that the settlement reached by the parties is a fair and reasonable settlement of the *bona fide* disputes between the parties.

**IT IS RESPECTFULLY RECOMMENDED:**

1) That the Joint Motion for Approval of an FLSA Settlement Agreement and for Dismissal With Prejudice (Doc. 43) be **GRANTED**, and the Settlement Agreement (Doc. 43-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

2) That the Joint Motion for Stipulated Final Judgment and Dismissal With Prejudice (Doc. 29) be **DENIED** as moot and the prior Report and Recommendation (Doc. 42) dated July 20, 2016 be mooted.

3) That Plaintiff not be required to reimburse the Court for the filing fee and the U.S. Marshals Service for the service fees.

4) The Court further recommends that if the District Court adopts this Report and Recommendation, that the Clerk be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on July 27, 2016.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties